```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA                      :        05 Cr. 1265 (SHS)
                                              :
              -against-                       :        OPINION
                                              :
FRANK GAGLIARDI,                              :
                                              :
                         Defendant.           :
------------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S. District Judge.

Frank Gagliardi has been charged in a grand jury indictment with violating 18 U.S.C. § 2422(b), which makes it a federal crime for anyone using the Internet to "knowingly persuade[], induce[], entice[], or coerce[]" anyone under the age of 18 years to engage in illegal sexual activity, or to attempt to do so. Gagliardi has moved to dismiss the indictment on the grounds that (1) to secure a conviction pursuant to 18 U.S.C. § 2422(b) the government must establish that he attempted to induce an actual minor, but there was no actual minor involved in this case; (2) section 2422(b) is unconstitutionally vague; and (3) the government does not possess sufficient evidence to establish that Gagliardi's conduct amounted to an attempt to commit the crime. As set forth below, section 2422 criminalizes attempts, for which actual success is not required, and thus the statute does not require the participation of an actual minor; the statute is not unconstitutionally vague; and the government's proffered evidence would be sufficient to sustain a conviction. Accordingly, defendant's motion is denied.

1. <u>The Statute Does Not Require That a Defendant's Conduct Involve an Actual Minor.</u>

Section 2422(b) provides criminal liability for "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or

1

attempt[ing] to do so." Gagliardi claims that he cannot be convicted under this section because he did not attempt to induce an actual minor to engage in sexual activity. Rather, the individuals with whom he corresponded over the Internet via America Online "chat rooms," electronic messages and emails were two adults: an FBI agent, and an adult who poses as a teenager in chat rooms and passes the information she gleans from that activity on to the FBI. Defendant bases his argument on the language of the statute, asserting that the statute plainly applies only to conduct that involves an actual "individual who has not attained the age of 18 years." It is not a crime, defendant asserts, for adults to communicate with each other about sex, even if one of the adults is pretending to be a child.

Defendant's theory does not account for the fact that criminal liability for an attempt to commit a crime does not require successful completion of the crime charged. For a defendant to be convicted for an attempt to commit a crime, the government must establish that "the defendant had the intent to commit the crime" and that he "engaged in conduct amounting to a 'substantial step' towards the commission of the crime." United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003) (citations omitted). Gagliardi would have "had the intent" to induce minors to engage in sexual activity if he had believed that the individuals he was corresponding with over the Internet were minors even if those persons were in fact adults. Moreover, at trial the government will be able to attempt to prove that Gagliardi took a "substantial step towards the commission of the crime" without also establishing that eventual commission of that crime would have been possible. See United States v. Weisser, 417 F.3d 336 (2d Cir. 2005) (finding that "factual impossibility is not a defense to a charge of attempt in substantive criminal law") (citing United States v. Hamrick, 43 F.3d 877, 885 (4th Cir. 1995) (en banc) and United States v. Contreras, 950 F.2d 232, 237 (5th Cir. 1991)).

The recent Second Circuit opinion in Weisser is informative, even though it arose in a slightly different context, namely, the application of an upward departure pursuant to the U.S.

2

Sentencing Guidelines. In that case, the defendant had been convicted of, among other crimes, violating the same provision as here—section 2422(b)—and, as here, the "minor" was actually an FBI agent and no sexual activity took place. At sentencing, the district court had imposed an upward departure from the defendant's sentencing guideline range based on the defendant's intent to engage in sexual activity with a child while knowingly infected with HIV. The defendant argued on appeal that the upward departure was improper "because there was 'no victim, no child, and no sexual activity.'" Id. at 352. The United States Court of Appeals for the Second Circuit rejected the defendant's argument, calling it "essentially an argument of factual impossibility" and finding "no reason why [factual impossibility] should prevent the application of the appropriate guideline." Id. Similarly, Gagliardi's contention that the absence of an actual child precludes criminal liability pursuant to section 2422(b) is "an argument of factual impossibility," and likewise unavailing.

The Second Circuit's conclusion is in accord with that of the five other circuits to have considered the issue in the specific context of section 2422(b). For example, the United States Court of Appeals for the Tenth Circuit recently struck down a defendant's argument that section 2422(b) did not apply because "there was no actual minor involved, only adult men who communicated extensive fantasy with [the defendant] misrepresenting . . . age and gender." United States v. Sims, 428 F.3d 945, 959 (10th Cir. 2005). The Tenth Circuit found that because success is not an essential element of an attempt to commit a crime, factual impossibility is generally not a defense. Thus, the Circuit ruled, it is not a defense to an offense involving enticement and exploitation of minors "that the defendant falsely believed a minor to be involved." Id. at 959-60. The United States Courts of Appeals for the Third, Fifth, Ninth and Eleventh Circuits have all come to the same conclusion. See United States v. Tykarsky, 2006 U.S. App. LEXIS 11622 *25 (3d Cir. May 10, 2006) ("In light of § 2422(b)'s text, legislative purpose and history, and the unlikeliness that Congress intended

3

the now-disfavored doctrine of legal impossibility to apply, we hold that the lack of an actual minor is not a defense"); United States v. Meek, 366 F.3d 705 (9th Cir. 2004) (finding that the "attempt provision of [section 2422(b)] underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime"; the provision requires only that a defendant "knowingly sought sexual activity and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant"); United States v. Root, 296 F.3d 1222 (11th Cir. 2002) (rejecting defendant's contention that an actual minor is required for conviction under section 2422(b) on the ground that because Congress added the "or attempts to do so" language to the statute in 1998, the government is required to prove only what it must prove in the context of other attempt crimes—that the defendant had "the specific attempt to engage in the underlying criminal conduct," and that he "took substantial steps toward the commission of the underlying crime"; thus, defendant's "belief that a minor was involved is sufficient"); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001) (affirming defendant's conviction on the ground that because "the person whom he desired to entice was a 14-year-old girl. . . . [and] [t]he only reason he failed was because the true facts were not as he believed them to be[,]"—the defendant was corresponding with an adult FBI agent, not a fourteen year old girl—the defendant possessed sufficient mens rea and took sufficient action to be convicted for an attempt to violate the statute).

Gagliardi's theories to the contrary are unavailing. Gagliardi infers from Congress's failure to adopt a 1998 legislative proposal to amend section 2422(b) that would have explicitly criminalized conduct with individuals who represent themselves as being minors, that Congress "refused to broaden [the statute] to allow for convictions under the statute based solely on a defendant's belief that a minor was involved." Def.'s Mem. of Law at 11. However, the Supreme Court has cautioned that "congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction,

4

including the inference that the existing legislation already incorporated the offered change." United States v. Craft, 535 U.S. 274, 287, 122 S. Ct. 1414, 152 L. Ed. 2d 437 (2002) (internal quotations and citations omitted). For this reason, "failed legislative proposals are a particularly dangerous ground on which to rest an interpretation of a prior statute," id., and this Court will not do so here, especially in light of the consistent circuit authority described above.

2. Section 2422(b) Is Not Unconstitutionally Vague.

Gagliardi also contends that section 2422(b) is unconstitutionally vague and therefore violates the Fifth Amendment's guarantee of due process. He asserts that there is a "substantial question" as to whether the statute proscribes inducement only of minors or of both minors and those who represent themselves to be minors. As evidence of this "substantial question," Gagliardi offers "disagreement between courts" and a recently proposed amendment to the statute he characterizes as a "legislative fix," on the theory that the existence of this amendment constitutes a recognition by Congress that the statute as currently drafted is unconstitutionally vague. This Court fails to find a "substantial question" in the scree on which defendant rests his argument.

A penal statute satisfies the Fifth Amendment's due process requirement and is not unconstitutionally vague when it "gives notice of the forbidden conduct." United States v. Hand, 286 F.3d 92, 101 (2d Cir. 2002). The statute must "define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Roberts, 363 F.3d 118, 122 (2d Cir. 2004) (quoting Kolender v. Lawson, 461 U.S. 352, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983)). Put another way, the Court must first "determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provides explicit

5

standards for those who apply it." Hand, 286 F.3d at 101. The standard is as-applied, rather than facial; in other words, "[o]ne whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." United States v. Venturella, 391 F.3d 120, 134 (2d Cir. 2004) (citation omitted).

Gagliardi does not contend that any of the essential terms of the statute are vague. Because the standard governing an attempt to commit this crime is straightforward and because section 2422(b) clearly criminalizes the attempt to induce a minor, the statute therefore "gives the person of ordinary intelligence a reasonable opportunity to know," Hand, 286 F.3d at 101, that attempting to induce an individual whom one believes to be a minor to engage in sexual activity is criminal, even if actually succeeding in that inducement is impossible due to the fact that the purported minor is actually an adult.

Moreover, Gagliardi has not demonstrated the existence of a "substantial question" as to the scope of the statute. Against the weight of circuit authority cited supra, defendant points to a single unpublished case from the Western District of Missouri, United States v. Helder, 05-00215-01-Cr-W-DW (W.D. Mo. Aug. 5, 2005), as evidence of the fact that "different courts have reached different conclusions" as to whether or not 18 U.S.C. § 2422(b) was intended to cover attempts involving persons representing themselves to be minors, as well as actual minors. However, that case does not demonstrate the existence of a "substantial question" as to the meaning of section 2422(b) when the five circuits that have considered the matter have all agreed that the statute permits prosecution of those who solicit people who represent themselves to be minors. Moreover, not only have those circuits found that the involvement of an actual minor is unnecessary in the context of an attempt to commit the crime, but several circuits have explicitly considered and rejected the contention that the statute is unconstitutionally vague. See Tykarsky, 2006 U.S. App. LEXIS 1162 *37-38, (rejecting vagueness and overbreadth challenges); United States v. Thomas, 410 F.3d 1235,

6

1243-44 (10th Cir. 2005) (same); United States v. Dhingra, 371 F.3d 557, 561-63 (9th Cir. 2004) (same); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (rejecting an overbreadth challenge). Finally, given the clarity of the statute and the near unanimity as to the scope of its application, defendant's argument that the statute is ambiguous is not aided by the existence of a congressional proposal that would explicitly proscribe conduct with adults who represent themselves to be minors. This is especially true because the proposal, introduced in the Senate as the "Stop Online Predators Act," 2005 U.S. Cong. S 1633, has not moved forward since being referred to the Senate Committee on the Judiciary nearly nine months ago.

3. The Jury May Find That Gagliardi's Conduct Amounted to an Attempt To Violate Section 2422(b).

As noted above, to establish that Gagliardi is guilty of an attempt to "knowingly persuade[], induce[], entice[], or coerce[]" a minor to engage in sexual activity, the government must prove that Gagliardi "had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' towards the commission of the crime." Yousef, 327 F.3d at 134 (internal citations and quotation marks omitted). For Gagliardi to have taken a "substantial step," he "must have engaged in more than mere preparation, but may have stopped short of the last act necessary for the actual commission of the substantive crime." Id. (internal citation and quotation marks omitted).

The government has proffered evidence which, if admitted at trial, would allow a reasonable juror to find beyond a reasonable doubt that Gagliardi's conduct amounted to a substantial step toward violation of section 2422(b) and that Gagliardi possessed the requisite intent to engage in conduct that violated the statute. The government proffers the following evidence: 15 sexually explicit electronic conversations and approximately 50 emails between Gagliardi and two individuals he believed to be 13-year-old girls over a three month period,

7

an exchange of photographs between Gagliardi and the purported teenagers, Gagliardi's numerous "suggestions" that the girls meet with him in person, his arranging of a time and place to meet, the fact that Gagliardi drove from Brooklyn to Manhattan and presented himself at the meeting place and time he had suggested and the presence of two condoms and a Viagra pill in his car when he arrived there. According to the government's proffer, Gagliardi described explicit sexual acts he wished to perform with the girls in his electronic communications. Moreover, the government asserts that Gagliardi demonstrated that he knew the behavior he planned was against the law by writing to one of the purported teens: "you have to lie to me and make me believe you are older, at least 17."

Evidence of actual sexual conduct is not necessary for the government to secure a conviction pursuant to section 2422(b); the facts set forth above, if proved, would be sufficient. Moreover, a "defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed, so that dangerous persons may be apprehended at an earlier stage without immunizing them from attempt liability." Yousef, 327 F.3d at 134 (internal alterations and citations omitted). In this case, a jury could find that Gagliardi completed all significant steps necessary to carry out the substantive crime. While Gagliardi allegedly sent an email the night before the meeting communicating that there would be "No SEX involved," the proffered evidence to the contrary is sufficient for the jury to infer, if it chooses to, that Gagliardi nevertheless intended to engage in sexual activity with individuals he believed to be underage girls.

Extensive authority supports the Court's conclusion. For example, in Meek, 366 F.3d at 720, the Ninth Circuit found that a defendant's conduct exhibited intent when he made his sexual desires clear in instant messages and that it constituted a substantial step sufficient for conviction when he conducted extensive sexual dialogue, transmitted a "sexually-suggestive photograph," repeatedly referenced what he would do when he met the purported teen and

8

traveled to meet the teen at a local school. In Root, 296 F.3d at 1229, the Eleventh Circuit concluded that the government established both intent and a substantial step when it provided evidence that the defendant engaged in sexually explicit instant messages with a purported 13-year-old girl, received her picture, traveled five hours to meet her at an arranged location and admitted to law enforcement authorities that he was there to engage in "sexual play" with the girl. Finally, in United States v. Munro, 394 F.3d 865, 869-70 (10th Cir. 2005), the Tenth Circuit found the evidence sufficient to convict the defendant of an attempt to violate section 2422(b) when the defendant engaged a purported teen in an explicitly sexual conversation via instant messages over the Internet, proposed a place and time to meet, arrived at the location and approached a person he believed to be the teen.

The government's proffered evidence here is similarly sufficient to sustain a conviction. The government claims that it intends to show that Gagliardi engaged in sexually explicit instant messaging, detailed specific sexual acts he hoped to engage in with the girls, exchanged photographs with the purported minors, admitted in messages to the girls that he knew his conduct was criminal and traveled to meet the purported minors at a prearranged time and place. This evidence, if introduced at trial, sufficiently indicates intent and a substantial step toward violation of section 2422(b) that a reasonable juror may find beyond a reasonable doubt that Gagliardi is guilty of attempting to violate section 2422(b). In any event, dismissing the indictment would be premature in the context of this substantial proffer of evidence. While the Court will consider a motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, if such a motion is made at the close of the government's evidence, the Court will not dismiss the indictment before affording the government the opportunity to adduce its evidence at trial.

For the foregoing reasons, Gagliardi's motion to dismiss the indictment is denied.

Dated: New York, New York
May 26, 2006

*[signature]*
Sidney H. Stein, U.S.D.J.